# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### E-Filed: July 11, 2013

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| ELISHA T. SNELL, by his parent, | * | UNPUBLISHED |
| VANESSA SMITH, | * | |
| | * | No. 07-481V |
| | * | |
| Petitioner, | * | Chief Special Master |
| | * | Campbell-Smith |
| v. | * | |
| | * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * | Reasonable Amount |
| AND HUMAN SERVICES, | * | Requested to Which |
| | * | Respondent Does Not Object |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | * | |

Nora Constance Marino, Great Neck, NY, for petitioner.

Chrysovalantis P. Kefalas, U.S. Dep't of Justice, Washington, DC, for respondent.

## ATTORNEYS' FEES AND COSTS DECISION[1]

On June 29, 2007, Vanessa Smith ("petitioner") filed a petition on behalf of her son, Elisha T. Snell ("Elisha"), seeking compensation under the National Vaccine Injury

---

[1]    Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, "the entire" decision will be available to the public.  Id.

Compensation Program ("the Program").[2]  Using the special "Short-Form" petition developed for the Omnibus Autism Proceeding ("OAP"),[3] petitioner alleged that a series of measles, mumps, and rubella ("MMR") vaccines administered to Elisha in 2004[4] caused him to develop autism spectrum disorder ("ASD"), as defined by the Vaccine Injury Table, 42 C.F.R. § 100.3(a)(2).  On March 15, 2013, the undersigned issued a dismissal decision for insufficient proof.  Decision, Mar. 15, 2013.

On May 22, 2013, petitioner filed a Motion for Attorneys' Fees and Costs.  On June 4, 2013, respondent filed an Unopposed Motion for Extension of Time, requesting additional time to review petitioner's Motion for Attorneys' Fees and Costs.

On July 10, 2013, the parties filed a Stipulation of Facts Regarding Attorneys' Fees and Costs ("AFC Stipulation").  The AFC Stipulation indicates that during informal discussions between the parties, respondent raised objections to certain items in petitioner's Motion for Attorneys' Fees and Costs.  See AFC Stipulation ¶ 3, at 1.  Based on those discussions, petitioner's counsel reduced the requested amount.  Id.  Petitioner now requests that a decision be issued awarding final attorneys' fees and costs totaling $15,734.20.  Id. ¶ 4 at 1.  Respondent does not object to this requested amount.  Id.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioner's request and respondent's counsel's lack of objection to petitioner's counsel's fee request, the undersigned **GRANTS** petitioner's motion for approval and payment of attorneys' fees and costs.

---

[2]     The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. ("Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

[3]     The OAP involved a large group of petitions alleging that certain childhood vaccinations cause or contribute to the development of ASD or "autism." For complete information concerning the OAP, please see http://www.uscfc.uscourts.gov/omnibus-autism-proceeding.

[4]     Although petitioner alleged that Elisha received three MMR vaccines, it is much more likely that he received a single vaccine composed of three components—measles, mumps, and rubella.

Accordingly, an award should be made in the form of a check payable jointly to petitioner and petitioner's counsel, Nora Constance Marino, in the amount of **$15,734.20**, for attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[5]

**IT IS SO ORDERED.**

s/Patricia E. Campbell-Smith
Patricia E. Campbell-Smith
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

3